# In the United States Court of Federal Claims

No. 23-27
(Filed:  5 June 2023)
NOT FOR PUBLICATION

```
*************************************
DESMOND E. KIMBROUGH, SR.           *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

### ORDER

**HOLTE, Judge.**

      On 6 January 2023, plaintiff, proceeding *pro se*, filed this civil action against the United States, ECF No. 1.  On 3 March 2023, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), ECF No. 3.  Plaintiff had until 31 March 2023 to respond to the government's Motion to Dismiss.  *See* 26 April 2023 Order at 1, ECF No. 13.  On 26 April 2023, plaintiff had yet to respond to the government's Motion to Dismiss, so the Court again ordered plaintiff to respond to the government's Motion to Dismiss on or before 26 May 2023; as of 5 June 2023, plaintiff has not done so.  26 April 2023 Order at 1.

      As an initial matter, plaintiff requests the Court allow him to proceed *in forma pauperis* ("IFP").  *See* Mot. for Leave to Proceed IFP, ECF No. 11.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating a plaintiff is unable to pay the fee or maintain security while "still be[ing] able to provide himself and dependents 'with the necessities of life'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute'").  Plaintiff states he is currently unemployed with minimal income from other sources.  *See* Mot. for Leave to Proceed IFP Appl. at 1–2.  Under these circumstances, plaintiff has sufficiently demonstrated he is unable to pay the Court's filing

fee.  Plaintiff's application to proceed *in forma pauperis* is therefore granted.  *See Adkins*, 335 U.S. at 339.

When a party fails to respond to any motion, or to subsequent court orders, dismissal is not only appropriate but also required to properly administer justice.  "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ."  *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).  Furthermore, RCFC 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."  As *pro se* plaintiffs are, by their nature, unassisted, this court may sometimes grant *pro se* plaintiffs greater lenience throughout the filing process.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").  In keeping with this permissive leniency, the Court allowed an additional 66 days to respond and "order[ed] plaintiff to [respond] to the government's motion to dismiss on or before 26 May 2023."  26 April 2023 Order at 1, ECF No. 13.  The Court warned "If plaintiff fails to comply with [the] order, the action shall be dismissed without prejudice for failure to prosecute under RCFC 41."  *Id.*  Plaintiff failed to file any response to the government's Motion to Dismiss plaintiff's complaint, notwithstanding he was ordered to do so by the Court.  *See* 26 April 2023 Order at 1.  Accordingly, the Court must dismiss this case pursuant to RCFC 41(b) for failure to prosecute and failure to comply with a court order.  *See Kadin Corp.*, 782 F.2d at 176 (holding dismissal pursuant to Rule 41(b) was justified when a *pro se* litigant ignored court-imposed deadlines).

Plaintiff has not submitted or filed documents of any sort with this court since refiling his application to proceed *in forma pauperis* on 27 January 2023, despite the government filing a motion to dismiss and the Court ordering plaintiff to respond.  *See* 1 February 2023 Order, ECF No. 8; 26 April 2023 Order.  For the foregoing reasons, the Court:  (1) **GRANTS** Mr. Kimbrough's application to proceed *in forma pauperis*, ECF No. 11; (2) **FINDS as MOOT** the government's Motion to Dismiss, ECF No. 12; and (3) directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/ Ryan T. Holte  
RYAN T. HOLTE  
Judge
